IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

**RICHARD MATHIS**,        §
       §
       Petitioner,        §
v.        §    Civil Action No. **3:10-CV-1325-L**
       §
**RICK THALER, Director, Texas**        §
**Department of Criminal Justice,**        §
**Correctional Institutions Division,**        §
       §
       Respondent.        §

## MEMORANDUM OPINION AND ORDER

Before the court are the Findings, Conclusions and Recommendation of the United States

Magistrate Judge, filed November 8, 2010 (the "Report"). No objections were filed.

This is a habeas petition brought pursuant to 28 U.S.C. § 2254. The magistrate judge

determined that the petition should be transferred to the Northern District of Texas, Fort Worth

Division, pursuant to 28 U.S.C. § 2241(d), because Petitioner was convicted and sentenced within

that division.

In reaching his decision, the magistrate judge relied upon *Itson v. Johnson*, No. 3:01-CV-

0143-L, 2001 WL 210451 (N.D. Tex. Feb. 28, 2001), a case in which this court accepted a similar

recommendation and transferred a habeas petition filed in this court to Fort Worth Division of the

Northern District of Texas, in which the petitioner was convicted and sentenced. That decision

relied upon *Laue v. Nelson*, 279 F. Supp. 265, 266 (N.D. Cal. 1968). The court, however, is not

convinced that it should reach the same result in this case.

The magistrate judge states that "if there is any possibility than an evidentiary hearing may be necessary, the action should be transferred to the district or division in which Petitioner was convicted and sentenced." Report 2. In support, he cites *Itson*, which in turn relied upon *Laue*.

The court notes first that the applicable statute, 28 U.S.C. § 2241(d), refers only to the "district" but makes no reference to the "division" in which a petitioner is in custody or was convicted or sentenced. In this case, Petitioner is incarcerated in the Robertson Unit of the Texas Department of Criminal Justice, which is located in Jones County, Texas, and he was convicted and sentenced in Tarrant County, Texas. Both Jones County and Tarrant County are located within the Northern District of Texas. 28 U.S.C. § 124(a)(2)-(3). Thus, pursuant to the plain language of section 2241(d), Petitioner has filed his petition "in the district court for the district wherein such person is in custody or in the district court for the district within which the State court was held which convicted and sentenced him . . . ."

Next, the court finds that the holding of *Laue* is not so broad. The California court held: "The legislative history of the section makes clear that a district court should transfer a petition to the district in which petitioner was convicted and sentenced *if the transferring court is of the view that an evidentiary hearing will be necessary before final determination can be had*." *Laue*, 279 F. Supp. at 266 (emphasis added). In this case, there has been no finding that an evidentiary hearing is necessary. The court therefore finds that, even if an intradistrict transfer was warranted pursuant to the statute, it is premature to transfer the case to the Fort Worth Division.

Accordingly, the court determines that transfer is not warranted pursuant to section 2241(d) at this time. Having reviewed the pleadings, file and record in this case, and the findings and

conclusions of the magistrate judge, the court **rejects** the Report. The court **recommits** this case

to the magistrate judge.

   **It is so ordered** this 1st day of December, 2010.

              Sam A. Lindsay
              United States District Judge