IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| RICHARD MATHIS, | § | |
|     Petitioner, | § | |
| | § | |
| v. | § | 3:10-CV-1325-L-BF |
| | § | |
| RICK THALER, Director, Texas Dept. of | § | |
| Criminal Justice, Correctional Institutions | § | |
| Division, | § | |
|     Respondent. | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the United States Magistrate Judge pursuant to 28 U.S.C. § 636(b) and a standing order of reference from the district court. The Findings, Conclusions and Recommendation of the Magistrate Judge are as follows:

**I. Procedural Background**

Petitioner challenges his conviction for capital murder. *State v. Mathis*, No. 0951791D (396th Jud. Dist. Ct., Tarrant County, Tex., Oct. 13, 2006). Petitioner was sentenced to life in prison. On October 11, 2007, the Second District Court of Appeals affirmed the conviction and sentence. *Mathis v. State*, No. 02-06-00355-CR (Tex. App. – Fort Worth, Oct. 11, 2007, pet. ref'd). On February 27, 2008, the Court of Criminal Appeals refused Petitioner's petition for discretionary review. PDR No. 1783.

On May 9, 2009, Petitioner filed a state petition for writ of habeas corpus. *Ex parte*

*Mathis*, Application No. 73,960-01.  On June 23, 2010, the Court of Appeals denied the petition without written order.

On July 7, 2010, Petitioner filed this federal petition pursuant to 28 U.S.C. § 2254.  He argues:

    (1)    The evidence was insufficient to support the conviction;

    (2)    He received ineffective assistance of counsel because counsel

        (a) conceded Petitioner's guilt during closing; and

        (b) failed to appeal a late amendment to the indictment.

## II.  Factual Background

The following factual background is taken from the opinion of the Second District Court of Appeals.

> On October 7, 2004, Janice Williams and several others were at the home of Donald Ellis (known as Hoppy) on Elgin Street in Tarrant County.  Hoppy's home was known as a smoke house, a place where people brought their own crack cocaine and smoked it.  In the early morning hours, appellant, with two of his friends, broke into Hoppy's house and demanded powdered cocaine (known as raw).  Janice and Hoppy told appellant that they did not have any raw because Hoppy's place was a smoke house, but Hoppy told appellant that Roney Gibson, who lived down the street on Bethune, did sell drugs.  Appellant then demanded that everyone empty their pockets.  As Hoppy tried to empty his shirt pocket, appellant hit him in the head with a gun, pointed the barrel at Hoppy's forehead, and pulled the trigger.  The gun did not discharge.
>
> Appellant then forced Janice to go with him and his friends to Roney's house.  With a gun to Janice's back, appellant approached Roney's house.  Janice knocked on the door and identified herself to Roney, who opened the door and let Janice, appellant, and appellant's friends in the house.  Janice told Roney appellant wanted some drugs, but before a drug transaction occurred, gunfire erupted.  Appellant tried to take Roney's drugs, and the two began fighting.  Roney boxed appellant into a corner, and appellant called for help from his friend.  Janice testified that appellant screamed, "Shoot him . . . kill him, kill him."  Appellant's accomplice then hit Roney, and appellant and his accomplice each shot at Roney twice.  Appellant and his friends left Roney's house without taking any drugs or money.  Janice and Roney's girlfriend, who was also in the house at the time, came to Roney's aid as soon as appellant and his friends left, but

Roney was already dead.

While investigating the murder, the police obtained a search warrant for appellant's home. After conducting the search on October 8, 2004, Detective Johnson found (1) gray jean shorts, (2) Reebok tennis shoes, (3) a .22 caliber Phoenix Arms pistol, (4) an unfired .308 rifle bullet, (5) a box of Magtech .32 ammunition, (6) a key chain with two keys, (7) blood samples on both the shorts and shoes, and (8) five baggies of a leafy green substance. Although the gun used in the offense was not recovered, the box of .32 caliber ammunition matched the ammunition recovered from Roney's body. In addition, blood samples collected from appellant's shorts and shoes, which he admitted wearing during the offense in his statement to police, were identified as Roney's blood.

At trial, Appellant filed a motion to suppress the evidence found at his apartment and also requested a "benefit of the doubt" instruction regarding lesser included offenses. [Footnote 1]. The trial court denied both requests. A jury convicted appellant of capital murder. Appellant was sentenced to life imprisonment in the Institutional Division of the Texas Department of Criminal Justice.

[Footnote 1] A "benefit of the doubt" instruction is an added instruction that is given in the jury charge to clear up any confusion that the jury may have when it has no reasonable doubt that the defendant committed an offense, but is uncertain about the degree of that offense. *Benavides v. State*, 763 S.W.2d 587, 589 (Tex. App. – Corpus Christi 1988, pet. ref'd).

*Mathis v. State*, No. 02-06-00355-CR at 2-4.

### III. Discussion

**1.     Standard of Review**

The pertinent terms of the Antiterrorism and Effective Death Penalty Act of 1996 (the

AEDPA), 28 U.S.C. § 2254 provide:

> (d)   An application for writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a state court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
>    (1)   resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

>       (2)     resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in a State court proceeding.

*See* 28 U.S.C. § 2254(d). Under the "contrary to" clause, a federal habeas court may grant the writ of habeas corpus if the state court arrives at a conclusion opposite to that reached by the United States Supreme Court on a question of law or if the state court decides a case differently from the United States Supreme Court on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 380-84 (2000). Under the "unreasonable application" clause, a federal court may grant a writ of habeas corpus if the state court identifies the correct governing legal principle from the United States Supreme Court's decisions, but unreasonably applies that principle to the facts of the prisoner's case. *Id*.

**2.     Sufficiency of the Evidence**

Petitioner argues the evidence was insufficient, and/or there was no evidence, to prove intent. Respondent argues this claim is procedurally barred because Petitioner failed to raise this claim in his petition for discretionary review or his state habeas petition. The general rule that a state court must explicitly apply a procedural bar to preclude federal review does not apply when a petitioner has not presented his claims to the highest court of the state and the state court to which he would be required to present his claims would now find the claim procedurally barred. *See Coleman v. Thompson*, 501 U.S. 722, 729-31 (1991).

The records reflects that Petitioner failed to raise his sufficiency or no evidence claim on direct review or in his state habeas petition. Accordingly, the Texas Court of Criminal Appeals has not reviewed the claim. Federal courts ordinarily will not review questions of federal law when such a state procedural bar exists.

To overcome the procedural bar established by the abuse-of-the-writ doctrine, a

petitioner must demonstrate: (1) cause for the procedural default and actual prejudice as a result of the alleged violation of federal law; or (2) that failure to consider the claims will result in a "fundamental miscarriage of justice." *Pitts v. Anderson*, 122 F.3d 275, 279 (5th Cir. 1997) (citing *Coleman*, 501 U.S. at 750). Petitioner has not shown cause for his failure to present this claim to the Texas Court of Criminal Appeals.

Petitioner has also failed to demonstrate the need to prevent a miscarriage of justice. This exception is "confined to cases of actual innocence, 'where the petitioner shows, as a factual matter, that he did not commit the crime of conviction.'" *Fairman v. Anderson*, 188 F.3d 635, 644 (5th Cir. 1999) (quoting *Ward v. Cain*, 53 F.3d 106, 108 (5th Cir. 1995)). To establish the required probability that he was actually innocent, a petitioner must support his allegations with new, reliable evidence that was not presented at trial and must show it was more likely than not that no reasonable juror would have convicted him in light of the new evidence. *Id*. (citing *Schlup*, 513 U.S. at 327). Petitioner has presented no new, reliable evidence showing that it was more likely than not that no reasonable juror would have convicted him. Petitioner has not overcome the state procedural bar. Accordingly, the procedural default doctrine bars federal habeas relief on Petitioner's claim.

**3.      Ineffective Assistance of Counsel**

Petitioner claims he received ineffective assistance of counsel. To sustain a claim of ineffective assistance of counsel, Petitioner must show that: (1) counsel's performance was deficient; and (2) the deficient performance prejudiced the defense so gravely as to deprive Petitioner of a fair trial. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). In *Strickland*, the Court stated that "[j]udicial scrutiny of counsel's performance must be highly deferential" and

"every effort [must] be made to eliminate the distorting effects of hindsight." *Strickland*, 466 U.S. at 689. Courts, therefore, must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id*.

Even if counsel is proven deficient, a petitioner must prove prejudice. To prove such prejudice, Petitioner must show "a reasonable probability that the result of the proceedings would have been different but for counsel's unprofessional errors." *Crane v. Johnson*, 178 F.3d 309, 312 (5th Cir. 1999) (citing *Strickland*, 466 U.S. at 694). "[T]he mere possibility of a different outcome is not sufficient to prevail on the prejudice prong." *Id*. "Rather, the defendant must demonstrate that the prejudice rendered sentencing 'fundamentally unfair or unreliable.'" *Id*. (quoting *Lockhart v. Fretwell*, 506 U.S. 364, 369 (1993)).

**(A)    Conceded Guilt**

Petitioner argues his counsel was ineffective because he conceded Petitioner's guilt during closing arguments. The record shows, however, that defense counsel only conceded that Petitioner was guilty of aggravated robbery, not capital murder. Petitioner had signed a statement admitting to the robbery. (State's Ex. 6.) Defense counsel stated:

> And he's guilty of aggravated robbery. What he is not guilty of is capital murder, and I'm going to tell you why.
>
> His statement in no shape, form, or fashion is an admission of capital murder. I don't think the prosecutors are going to try to tell you that. Their entire basis of Richard Mathis being guilty of capital murder falls solely and squarely on the shoulders of Janice Williams.

(Trial Tr. Vol. 6 at 132.) Defense counsel then went on to explain to the jury why Janice Williams was not credible. (*Id.*)

On state habeas review, defense counsel submitted an affidavit stating that it was trial

strategy to admit the aggravated robbery but argue against a finding of capital murder. (*Ex parte Mathis* at 147.) Petitioner has failed to show that the state court's denial of this claim was unreasonable.

**(B)   Appeal**

Petitioner argues his counsel was ineffective on appeal because he failed to challenge a late amendment to the indictment.

During a break from voir dire, defense counsel argued that although the court had instructed the venire panel that Petitioner was charged with capital murder, the indictment charged only murder because it contained the words "intentionally or knowingly."[1] (Trial Tr. Vol. 3 at 35.) Defense counsel argued that capital murder required that a defendant act "intentionally." The trial court struck the language "or knowingly" from the indictment over defense counsel's objection.

Petitioner argues his counsel should have raised this claim on appeal. On state habeas review, defense counsel submitted an affidavit stating he did not raise the claim on appeal because under *August v. State*, 2005 WL 1477783 (Tex. App. Fort Worth 2005, pet ref'd), the late amendment was subject to a harmless error analysis and would have been a frivolous claim. (*Ex parte Mathis* at 147-48.) In *August*, the court determined that striking the words "or knowingly" from the indictment was harmless because the petitioner had already been on notice that he was charged with capital murder. Likewise, in this case Petitioner knew from at least

---

[1] The original indictment stated: Richard Lee Mathis . . . did then and there intentionally or knowingly cause the death of an individual, Roney Gibson, by shooting him with a firearm, and the said Defendant was then and there in the course of committing or attempting to commit the offense of robbery of Roney Gibson. (Clerk's Record at 2.)

**Findings, Conclusions and Recommendation
of the United States Magistrate Judge**            Page -7-

March 26, 2006, that he was charged with capital murder because defense counsel's motion for appointment of an expert filed on that date acknowledged that Petitioner was charged with capital murder. (Clerk's Record at 18.) The trial did not start until October 10, 2006. Petitioner has failed to show his counsel was ineffective for failing to raise this claim on appeal.

**4. Summary**

Petitioner is lawfully restrained because he has failed to prove that he has been denied a constitutionally protected interest. Accordingly, the state courts' determination to deny relief is not contrary to or does not involve an unreasonable application of clearly established federal law and is not based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings.

**RECOMMENDATION**

This Court recommends that the petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 be DENIED.

Signed this 18th day of September, 2012.

_____
**PAUL D. STICKNEY**
**UNITED STATES MAGISTRATE JUDGE**

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).